IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| GARY MARTIN, Individually and on Behalf of All Others Similarly Situated, | § § § § § § § § § § § | |
| Plaintiffs, | | |
| | | CASE NO. 2:20-cv-00170-GJF-CG |
| v. | | |
| TAP ROCK RESOURCES, LLC, | | |
| Defendant. | | |

**DEFENDANT'S 12(b)(6) PARTIAL MOTION TO DISMISS
PLAINTIFF'S ORIGINAL COMPLAINT & BRIEF IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Tap Rock Resources, LLC ("Tap Rock" or "Defendant") files this partial motion to dismiss the class and collective action allegations in the Original Complaint ("Complaint") filed by Plaintiff Gary Martin ("Martin" or "Plaintiff"), individually and on behalf of all others similarly situated, with prejudice.[1]

### I.   BACKGROUND

Tap Rock is an oil and gas company focused on exploration and production in the Delaware Basin.[2] In this lawsuit, Plaintiff brings both individual and class and collective action claims

---

[1] Following the resolution of this Motion by the Court, Tap Rock will submit an Answer or otherwise respond to any remaining claims pursuant to Fed. R. Civ. P. 12(a)(4)(A). *See, e.g., In re Vaughan Co., Realtors*, 477 B.R. 206, 226 (Bankr. D.N.M. 2012) ("[W]hen a defendant timely files a motion to dismiss under Rule 12(b)(6), Rule 12(a)(4)(A) extends the time to file an answer as to all claims, including those not addressed by the motion to dismiss.") (citations omitted); *Low v. Chu*, 09-CV-0398-CVE-PJC, 2009 WL 4892600, at *1 (N.D. Okla. Dec. 14, 2009) ("Requiring the defendant to answer part of the amended complaint now and part of the amended complaint later (should it survive the motion to dismiss) would unnecessarily burden the defendant and the Court with duplicative pleadings.") (footnote omitted).

[2] Tap Rock does not have any employees and does not hire independent contractors; rather, it owns the properties upon which its oil and gas exploration activities are conducted.

against Tap Rock for overtime pay that he claims is owed pursuant to the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA").[3] Martin alleges that he worked for Tap Rock in New Mexico as a "Drilling Consultant" from February 2018 to October 2018.  Compl. ¶¶ 9-11. Martin further alleges that Tap Rock misclassified him, along with other similarly situated workers, as independent contractors and paid them a daily rate with no overtime pay for all hours worked in excess of 40 hours a week.  *Id.* ¶ 4.

Martin alleges that he represents "at least two classes of similarly situated co-workers," specifically, a FLSA class and a NMMWA class.  Compl. ¶¶ 13, 16-19. The Complaint alleges the FLSA class of similarly situated workers broadly consists of "[a]ll oilfield workers employed by or performing work on behalf of Tap Rock who were classified as independent contractors and paid a day-rate without overtime during the past three years. (the Day-Rate Workers)."  *Id.* ¶ 16. Meanwhile, the New Mexico class is alleged to consist of "[a]ll oilfield workers employed by or performing work on behalf of Tap Rock in New Mexico who were classified as independent contractors and paid a day-rate without overtime during the past three years. (the New Mexico Class)."  *Id.* ¶ 18.  The Complaint refers to both the Day-Rate Workers and the New Mexico Class as the "Putative Class Members."  *Id.* ¶ 19.

The Complaint is fatally overbroad: namely, the lack of specificity regarding the proposed Putative Class Members' job duties. Plaintiff fails to plead sufficient facts so as to make the claims he asserts even facially plausible and therefore does not provide fair notice to Tap Rock of the

---

[3] On January 17, 2020, Plaintiff filed a similar lawsuit against another defendant for overtime pay under the FLSA and the NMMWA individually and on behalf of all others similarly situated in the U.S. District Court of New Mexico. That case is still pending. *See Martin v. Matador Resources Company*, No. 2:20-cv-00054-GJF-KRS (D.N.M. filed Jan. 17, 2020).

"similarly situated" Putative Class. Accordingly, this Court should dismiss with prejudice both Plaintiff's (1) collective action claims under the FLSA; and (2) the class action claims under the NMMWA.

## II.  ARGUMENT & AUTHORITY

### A.  Legal Standard

The Supreme Court instructed in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) that "to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012) (quoting *Twombly*, 550 U.S. at 570).  Although the *Twombly* and *Iqbal* pleading standard does not require detailed factual allegations, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citation and quotation marks omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 1964-65 (citations and internal brackets omitted). Thus, a court is not bound to accept legal conclusions, couched as factual allegations, as true, when examining a complaint under Rule 12(b)(6).  *Khalik*, 671 F.3d at 1190 (citing *Iqbal*, 556 U.S. at 678). Accordingly, in examining a complaint under Rule 12(b)(6), a court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.*

The "FLSA permits an employee to bring an action for unpaid minimum or overtime wages 'for and in behalf of himself or themselves and other employees similarly situated.'" *Cooper v. Coil Chem, LLC*, CIV-16-473-D, 2016 WL 7168235, at *4 (W.D. Okla. Dec. 8, 2016) (quoting 29

U.S.C. § 216(b)). "[C]ertification under the FLSA requires: (1) that the class be "similarly situated," and (2) that the plaintiffs "opt in" by filing with the court their consent to suit. *Id.* "FLSA claims brought on behalf of a group of those similarly situated are referred to as 'collective action' claims." *Id.* at *1 n.4 (citing *Castaneda v. JBS USA, LLC*, 819 F.3d 1237, 1245 (10th Cir. 2016)). Meanwhile, state wage and hour claims brought on behalf of a group, such as Plaintiff's class action claims under the NMMWA, are typically referred to as "class action" claims. While FLSA collective action claims are governed by the FLSA's collective action mechanism provided by 29 U.S.C. § 216(b), class action claims are governed by the class action mechanism provided by Federal Rule of Civil Procedure 23.[4]

District courts in the Tenth Circuit "have determined that when applying the standards for a Rule 12(b)(6) motion to a collective action claim under the FLSA, a court may grant a motion to dismiss prior to ruling on class certification when the complaint has not presented a plausible claim for relief." *Deakin v. Magellan Health, Inc.*, 17-CV-0773-WJ-KK, 2018 WL 3068058, at *3 (D.N.M. June 21, 2018) (citing *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)); *see also Cooper*, 2016 WL 7168235, at *4 ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery.") (citations and quotation marks omitted). At the pleading stage, "the court will examine whether the complaint provides the defendant with fair notice of the grounds of the claim for relief, brought by a class of plaintiffs who are sufficiently similarly situated." *Deakin*,

---

[4] Note, however, that some courts, including courts in this Circuit, "use 'collective action' and 'class action' interchangeably when referring to FLSA claims brought on behalf of a group of those similarly situated. *Id.* (citations omitted).

2018 WL 3068058 at *3 (citations omitted). "[T]he FLSA does not define the term 'similarly situated,'" but a pleading can only "survive a motion to dismiss if they *at least* provide substantial allegations to demonstrate that they and potential plaintiffs were victims of a common policy or plan that violated the law." *Cooper*, 2016 WL 7168235, at *5 (citation omitted and emphasis added).[5] Moreover, a "court may grant the motion to dismiss the collective action claim if the complaint fails to provide fair notice of the 'similarly situated' putative class because the class is insufficiently defined or significantly overbroad." *Deakin*, 2018 WL 3068058 at *3 (citing *Lenore v. Okla. Blood Inst.*, No. CIV-17-1326-M, 2018 WL 934872 (W.D. Okla. Feb. 16, 2018)) ("In order to withstand a motion to dismiss a collective action claim, a plaintiff must give the defendant 'fair notice' of the putative class."); *Flores v. Act Event Servs., Inc.*, 55 F.Supp.3d 928, 940 (N.D. Tex. 2014) (granting motion to dismiss because "plaintiffs fail to provide any such description or details about the other proposed parties who are alleged to be 'similarly situated'")). As noted by other courts, a motion to dismiss can guard against the danger posed by plaintiffs that "plead an overly broad collective action in the hopes of securing as many collective action plaintiffs as possible at the certification stage." *Flores*, 55 F. Supp. 3d at 940, n.6 (citation omitted).

In *Cooper*, a federal district court granted a motion to dismiss when a plaintiff's collective action claims under the FLSA were pleaded as an employee group of "all individuals employed by the [defendant] in the past 3 years who were paid a salary and a job bonus." *Id.* at *5. The court found that the proposed class was "overbroad and unworkable" because it included "virtually every

---

[5] *See also Huchingson v. Rao*, 5:14-CV-1118, 2015 WL 1655113, at *2 (W.D. Tex. Apr. 14, 2015) (noting that, in determining whether a class of employees are similarly situated, a "plaintiff must show that the employees have substantially similar job requirements and are subject to the same common compensation scheme") (citation omitted).

employee who worked for Defendant within the referenced time period, irrespective of whether they qualified for overtime pay or not," and did not therefore provide fair notice to the defendants of who the group would include. *Id.* Accordingly, in order to provide fair notice of the putative class in an FLSA collective action, a plaintiff must allege that "the employees have substantially similar job requirements and are subject to the same common compensation scheme." *Huchingson*, 2015 WL 1655113 at *2 (citation omitted).

Similarly, courts have held that plaintiffs bringing Rule 23 class action claims under state minimum wage statutes must allege facts regarding the job duties of a proposed class to provide sufficient notice of proposed class members. *See, e.g., Ainsworth v. Rod's Prod. Services, LLC*, A-15-CA-605-SS, 2015 WL 13567093, at *4 (W.D. Tex. Aug. 28, 2015) (dismissing state law class action claims under the Pennsylvania Minimum Wage Act, finding plaintiff's "failure to properly allege a specific job description" for the proposed class "fatal to his claims"). If it impossible to infer from the complaint which employees are and are not included in a proposed class, a plaintiff's class allegations cannot meet "the commonality or typicality [ ] requirements under Rule 23." *Id.*

B.  **Plaintiff's overbroad class and collective action allegations should be dismissed.**

Plaintiff's class and collective action claims are overbroad, undefined, and fail to provide fair notice of the alleged Putative Class Members and should therefore be dismissed by this Court because it fails to meet Rule 12(b)(6)'s pleading standard. To begin with, the Complaint fails to define the term "oilfield workers" or otherwise explain how these workers are similarly situated regarding job titles, duties, or entitlement to overtime compensation under the FLSA or NMMWA. Without a definition of what constitutes an "oilfield worker," the proposed Putative Class

purportedly includes a vast array of contractors that worked on Tap Rock projects over the past three years, irrespective of whether they have similar job titles or duties or were qualified for overtime pay or not. *Cf. McDonald v. Gore Nitrogen Pumping Serv., LLC*, CIV-18-1010-G, 2019 WL 611627, at *4 (W.D. Okla. Feb. 13, 2019) (finding that plaintiff sufficiently defined the proposed FLSA collective action when he provided "specific job titles, descriptions, and duties for his proposed employee group") (citation omitted); *Deakin*, 2018 WL 3068058 at *3 (same).

Next, the Complaint does not even allege the job titles held by members of the proposed Putative Class. Instead, the Complaint generally alleges "Tap Rock employed dozens of individuals—including Martin—in positions such as Rig Clerks, Completions Supervisors, Completions Consultants, Drilling Consultants, *etc.*" Compl. ¶ 29 (emphasis added). Absent from the Complaint is any allegation that the Putative Class Members held these positions, much less any other job positions. Even if the Court were to construe the above to allege that the Putative Class Members held these job positions—which it does not—Paragraph 29's use of "etc." implies that there are additional job positions not identified in the Complaint that might be among the job positions potentially held by Putative Class Members. Plaintiff puts forth a potentially endless Putative Class giving Tap Rock unfair notice of an indeterminate group that has been allegedly harmed.

The Complaint also fails to allege sufficient facts specifying the duties of Putative Class Members such that Tap Rock has fair notice of the proposed class. *Cf. Deakin*, 2018 WL 3068058 at *3.[6]  Plaintiff makes a number of conclusory allegations in the Complaint, such as "Putative

---

[6] *See also Robbins v. XTO Energy, Inc.*, 3:16-CV-0793-S, 2018 WL 5849967, at *4 (N.D. Tex. Nov. 7, 2018) ("[A]n FLSA plaintiff must allege specific facts describing the job duties of the alleged 'similarly situated' employees in order to provide a defendant with fair notice of who is in

Class Members performed substantially similar job duties related to servicing oil and gas operations in the field," and "worked similar hours and were denied overtime as a result of the same illegal pay practice" see Compl. ¶¶ 61, 66, as well as legal conclusions, such as Tap Rock's independent contractors "are, for all purposes, employees performing non-exempt job duties," *id.* ¶ 70, but such allegations are not entitled to the assumption of truth. *Khalik*, 671 F.3d at 1190 (citing *Iqbal*, 556 U.S. at 678-79). Further clouding matters, the Complaint effectively concedes that "the exact job titles and job duties may differ," see Compl. ¶ 30, among the Putative Class Members, but again does not attempt to clarify what those job titles or job duties are. Even more puzzling is that the Complaint lumps Martin together with workers in positions that clearly have supervisory duties, such as "Completions Supervisors," see *id.* ¶ 29, but goes on to allege that the "Putative Class Members did not have any supervisory or management duties." This latter allegation, however, is effectively negated by the Complaint's statement that "to the extent that they did [have supervisory or management duties], they performed those duties on Tap Rock's behalf." *Id.* ¶ 60. These contradictory and confusing allegations leave Tap Rock without fair notice as to whether the Putative Class Members had supervisory or management duties. *Id.* And vague allegations that unspecified "contractors are maintaining and working with oilfield machinery, performing manual labor, and working long hours out in the field" provide no more clarity as to the job duties of the Putative Class Members. *Id.* ¶ 71. As explained by one court, "[i]t is not the defendants' responsibility to define the putative class by piecing together factual allegations strewn

---

the putative class and to survive *Twombly* and *Iqbal* pleading standards. A job title alone will not meet this standard. . . . [plaintiff] must also define the class with respect to shared job duties.") (internal citations and quotation marks omitted).

throughout a complaint; rather, fair notice requires the plaintiffs to clearly define the putative collective class." *Flores*, 55 F. Supp. 3d at 940.

Federal district courts in other circuits have dismissed FLSA collective action claims where the complaint failed to allege sufficient facts regarding the proposed class, and the Court should do the same here.[7] Because the Complaint fails to allege sufficient facts that would make collective action treatment appropriate, this Court should dismiss Plaintiff's collective action allegations.

Likewise, Plaintiff's failure to provide specific job titles, duties, or details regarding their entitlement to overtime is fatal to Plaintiff's Rule 23 class action claims under the NMWWA. *See*

---

[7] *See, e.g., Robbins v. XTO Energy, Inc.*, 3:16-CV-0793-S, 2018 WL 5849967, at *5 (N.D. Tex. Nov. 7, 2018) (dismissing FLSA collective action claims with prejudice where complaint failed to sufficiently define the shared job duties of the putative class such that defendant could have fair notice of who may be included in the potential class); *Dyer v. Lara's Trucks, Inc.*, No. 1:12-CV-1785-TWT, 2013 WL 609307, at *4 (N.D. Ga. Feb. 19, 2013) (finding a class of employees defined as "similarly situated in terms of job duties, pay, and compensation" insufficient to survive a motion to dismiss because the court could not discern which employees the plaintiff sought to include in the putative class); *Creech v. Holiday CVS, LLC*, No. CIV.A. 11-46-BAJ-DLD, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012) ("The Court finds that the collective action allegations lack the level of factual specificity required to survive a Rule 12(b)(6) motion. Although the Complaint provides certain details about the duties of the Plaintiff as a shift supervisor, it fails to provide any such description or details about the other proposed parties who are alleged to be 'similarly situated.' Plaintiff only claims the other class members performed the same or similar job duties in that they "provided customer services" for the Defendants. This is not descriptive enough to give rise to a plausible right to relief."); *Pickering v. Lorillard Tobacco Co., Inc.*, No. 2:10-CV-633-WKW, 2011 WL 111730, at *2 (M.D. Ala. Jan. 13, 2011) (dismissing FLSA collective action claims where the complaint provided "no description of the job duties (or even the job titles) of the proposed similarly situated employees"); *Landry v. Peter Pan Bus Lines, Inc.*, CIV.A. 09-11012-RWZ, 2009 WL 9417053, at *1 (D. Mass. Nov. 20, 2009) (dismissing class and FLSA collective action claims where the complaint alleged only legal conclusions and "general factual allegations which target the administrative and professional exemption and state the bare legal elements of an FLSA claim" finding that such allegations were "not entitled to an assumption of truth").

*Ainsworth* 2015 WL 13567093, at *4 (dismissing state law class action claims under the Pennsylvania Minimum Wage Act, finding plaintiff's "failure to properly allege a specific job description" for the proposed class "fatal to his claims"). Because Plaintiff fails to plead sufficient facts to provide Tap Rock with fair notice of the proposed class, Plaintiff's class allegations cannot otherwise meet the commonality and typicality requirements under Rule 23. *See id*. Accordingly, Plaintiff's class action allegations under the NMMWA should be dismissed as well.

### III.    CONCLUSION

For the reasons set forth above demonstrating Plaintiff's class and collective action allegations are insufficient by matter of law, Tap Rock respectfully request that the Court dismiss with prejudice the class and collective action claims in the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Tap Rock also requests all other relief to which it may be entitled.

Date: March 31, 2020.

                                                                          Respectfully submitted,

                                                                          */s/Jules E. Angelley*
                                                                          Jules E. Angelley
                                                                          Little V. West
                                                                          HOLLAND & HART LLP
                                                                          110 North Guadalupe, Suite 1
                                                                          Santa Fe, New Mexico 87501
                                                                          Telephone: (505) 988-4421
                                                                          Facsimile: (505) 983-6043
                                                                          Email: jeangelley@hollandhart.com
                                                                          Email: lvwest@hollandhart.com

                                                                          and

                                                                          Anthony J. Campiti *(admitted Pro Hac Vice)*
                                                                            Texas State Bar No. 00798092
                                                                          Jasmine Wynton *(admitted Pro Hac Vice)*
                                                                            Texas State Bar No. 24090481

                                                                          THOMPSON & KNIGHT LLP
                                                                          One Arts Plaza
                                                                          1722 Routh Street, Suite 1500
                                                                          Dallas, Texas 75201
                                                                          Telephone:  (214) 969-1700
                                                                          Facsimile:  (214) 969-1751
                                                                          E-mail: tony.campiti@tklaw.com
                                                                          E-mail: jasmine.wynton@tklaw.com

                                                                          ATTORNEYS FOR DEFENDANT

**DEFENDANT'S 12(b)(6) PARTIAL MOTION TO DISMISS**
**PLAINTIFF'S ORIGINAL COMPLAINT & BRIEF IN SUPPORT – Page 11**

## CERTIFICATE OF CONFERENCE

On March 31, 2020, I conferenced with Richard J. (Rex) Burch, Plaintiff's attorney of record, regarding the subject matter of this motion. Mr. Burch does oppose the motion.

/s/Anthony J. Campiti
Anthony J. Campiti

## CERTIFICATE OF SERVICE

This certifies that on March 31, 2020, a copy of the foregoing was served upon all counsel of record electronically pursuant to the District of New Mexico ECF rules.

Richard J. (Rex) Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
rburch@brucknerburch.com

Michael A. Josephson
Andrew W. Dunlap
Richard M. Schreiber
JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

/s/Jules E. Angelley
Jules E. Angelley