**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**
_____

GARY MARTIN, Individually
and on Behalf of All Others
Similarly Situated,

        Plaintiffs,

      v.                                  No.:  20 CV 00170 WJ-CG

TAP ROCK RESOURCES, LLC,

        Defendant.


**<u>MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S RULE 12(b)(6)
PARTIAL MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT</u>**

THIS MATTER comes before the Court upon Defendant's Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's Original Complaint, filed March 31, 2020 (**Doc. 14**).  Plaintiff brings this lawsuit against Tap Rock Resources, LLC ("Tap Rock") to recover unpaid overtime wages and other damages, as a collective action under the  Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b) and as a Rule 23 Class Action under the New Mexico Minimum Wage Act, NMSA §50-4-19 et seq. ("NMMWA"). Having reviewed the briefing on the motion and the applicable law, the Court finds that  Defendant's motion is not well-taken and, therefore, is denied.

## BACKGROUND

Plaintiff Martin worked for Tap Rock as a Drilling Consultant from approximately February 2018 until October 2018.  Tap Rock is an oil and gas company doing business throughout the United States and is focused on Exploration and Production in the geological formation known as the Delaware Basin.  Plaintiff claims that Tap Rock used day-rate contractors in New Mexico and Texas and that he and other workers like him worked for more than 40 hours each week.

Instead of paying these workers overtime, Tap Rock misclassified them as independent contractors and paid them a daily rate with no overtime pay.  Plaintiff and the putative class members seek overtime wages equal to 1 and  one-half  times their regular rates for each overtime hour worked in excess of 40 hours in any one week, including all available penalty wages.

Plaintiff alleges that he represents "at least two classes of similarly situated co-workers," that is, a FLSA class and a NMMWA class.  Compl., ¶¶13, 16-19.  The FLSA class of similarly situated workers is alleged to consist of "[a]ll oilfield workers employed by or performing work on behalf of Tap Rock who were classified as independent contractors and paid a day-rate without overtime during the past three years" and is referred to as "the Day-Rate Workers." *Id.,* ¶16. Plaintiff alleges that the New Mexico class consists of "[a]ll oilfield workers employed by or performing work on behalf of Tap Rock in New Mexico who were classified as independent contractors and paid a day-rate without overtime during the past three years" and refers to this class as "the New Mexico Class." *Id.,*¶18. The "Day-Rate Workers" and the "New Mexico Class" comprise the putative class members.  *Id.,* ¶19.

Defendant seeks dismissal of Plaintiff's collective action claims under the FLSA; as well as the class action claims under the NMMWA.  Federal jurisdiction in this case arises pursuant to 28 U.S.C. §1331 and under the FLSA.

## DISCUSSION

The relevant portion of the FLSA requires that employees who work more than forty hours in a week are compensated at a rate of at least one and one-half times the employee's regular hourly wage. 29 U.S.C. § 207(a)(1); see NMSA § 50-4-22(D) ("New Mexico Minimum Wage Act") (providing similar overtime wage requirements to the FLSA). The FLSA creates a private cause of action for individual employees, and it also allows an employee to bring a collective action on

behalf of "similarly situated" employees to recover unpaid or overtime wages, along with liquidated damages. 29 U.S.C. § 216(b); see NMSA § 50-4-26(D) (providing that any one or more employees may bring an action to recover wages "for other employees similarly situated"). Because the FLSA does not define "similarly situated," the Tenth Circuit has affirmed a two-part "ad hoc" approach that allows each court to determine, typically at the initiation and the close of discovery, whether the proposed class members are sufficiently similarly situated. *Thiessen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). Unlike Federal Rule of Civil Procedure 23 regarding class actions, putative class members under the FLSA must opt into the class rather than opt out. *Id.* at 1102.

The "FLSA permits an employee to bring an action for unpaid minimum or overtime wages 'for and in behalf of himself or themselves and other employees similarly situated.'" *Cooper v. Coil Chem,* LLC, CIV-16-473-D, 2016 WL 7168235, at *4 (W.D. Okla. Dec. 8, 2016) (quoting 29 U.S.C. § 216(b)). "[C]ertification under the FLSA requires: (1) that the class be "similarly situated," and (2) that the plaintiffs "opt in" by filing with the court their consent to suit. *Id.* FLSA claims brought on behalf of a group of those similarly situated are referred to as "collective action" claims. *Id.* at *1 n.4 (citing *Castaneda v. JBS USA, LLC*, 819 F.3d 1237, 1245 (10th Cir. 2016)). Meanwhile, state wage and hour claims brought on behalf of a group, such as Plaintiff's class action claims under the NMMWA, are typically referred to as "class action" claims. While FLSA collective action claims are governed by the FLSA's collective action mechanism provided by 29 U.S.C. § 216(b), class action claims are governed by the class action mechanism provided by Federal Rule of Civil Procedure 23, although the terms "collective action" and "class action" are often used interchangeably when referring to FLSA claims brought on behalf of a group of those similarly situated. *Cooper,* 2016 WL 7168235, at *1 (citing *Thiessen,* 267 F.3d

at 1102). ("Many courts and commentators, however, have used the vernacular of the Rule 23 class action for simplification and ease of understanding when discussing representative cases brought pursuant to [§ 216(b) ] of the FLSA.") (citation omitted).

## I.    Legal Standard

Defendant moves for dismissal under the familiar *Iqbal-Twombly* standard for dismissal of claims under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court held that "to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 570). Although the *Twombly* and *Iqbal* pleading standard does not require detailed factual allegations, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Id*. (citation and quotation marks omitted). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 1964-65 (citations and internal brackets omitted). Thus, a court is not bound to accept legal conclusions, couched as factual allegations, as true, when examining a complaint under Rule 12(b)(6). *Khalik*, 671 F.3d at 1190 (citing Iqbal, 556 U.S. at 678). Accordingly, in examining a complaint under Rule 12(b)(6), a court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.*

Plaintiff urges the Court to defer review of the complaint until after he moves for conditional certification, claiming that some courts have held it was premature to dismiss FLSA collective actions based on the pleadings alone, before a plaintiff has had an opportunity to develop

a record. *See Cooper,* 2016 WL 7168235, at *4 (denying motion to dismiss FLSA collective action allegations as premature "because plaintiffs have not moved for certification and had no opportunity to develop a record"); *Perez v. T.A.S.T.E. Food Prod., Inc.,* 2014 WL 412327, at *6 (W.D.Tex. Feb. 3, 2014) (accord).[1] Plaintiff alternatively suggests that the Court conduct a "limited review" of the allegations for fair notice of the proposed class, which sets a "low bar" for sufficiency under both Rule 8 and Rule 12(b)(6). *See Butler v. TFS Oilfield Servs., LLC*, No. SA-16-CV-1150-FB, 2017 WL 7052308, at *3 (W.D. Tex. May 17, 2017), *report and recommendation adopted,* No. CV SA-16-CA-1150-FB, 2017 WL 7052276 (W.D. Tex. June 9, 2017) ("While Plaintiffs' pleadings could certainly be more detailed, they are sufficient to survive the low bar set by Rule 12(b)(6).").

A defendant is not precluded from bringing a preemptive motion to deny class certification where a class action cannot be maintained on the facts alleged. *Cooper v. Coil Chem, LLC*, 2016 WL 7168235, at *4 (citing *Vinole v. Countrywide Home Loans, Inc.,* 571 F.3d 935, 959 (9th Cir. 2009)); *see also Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim."), cited in *Cooper,* 2016 WL 7168235, at *4. Federal courts "have used motions to strike to test the viability of a class at the earliest pleading stage of the litigation." *Stubbs v. McDonald's Corp*., 224 F.R.D. 668, 674 (D. Kan. 2004) (citations omitted).  Even so, courts have "nonetheless viewed motions to strike or dismiss collective action allegations at the pleading stage with disfavor as an "extreme remedy in that they seek to

---

[1] *See Ambrose v. Northstar Mem'l Grp., LLC*, 2012 WL 3727156, at *3 (W.D. Tenn. Aug. 27, 2012) (finding it "inappropriate" to allow a potential collective action to be defeated "without the benefit of such evidence"); *Lang v. DirecTV, Inc*., 735 F.Supp.2d 421, 435 (E.D. La. 2010) (denying motion to dismiss FLSA collective action allegations as premature "because plaintiffs have not moved for certification and had no opportunity to develop a record."); *Arnold v. DirecTV, Inc*., 2011 WL 839636, at *7-8 (E.D. Mo. Mar. 7, 2011) ("[a] motion to dismiss is not the proper vehicle to address the validity of the collective/class allegations.").

preemptively terminate the class aspects solely on the basis of what is alleged in the complaint, and before the plaintiff has had any meaningful chance to conduct discovery." *Cooper,* 2016 WL 7168235, at *4.

In the two-part "ad hoc" approached utilized in this circuit, the court makes an initial "notice stage" determination whether plaintiffs are "similarly situated" which requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Cooper,* 2016 WL 7168235, at *4 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)).  At the second step initiated at the close of discovery, the court utilizes a stricter standard of "similarly situated" which requires evaluation of several factors, including (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Id.* at 1102-03. *Cooper v. Coil Chem, LLC*, No. CIV-16-473-D, 2016 WL 7168235, at *4 (W.D. Okla. Dec. 8, 2016).  This procedure suggests that while the *Iqbal-Twombly* provides the framework for review under Rule 12(b)(6), that review is mindful of a forthcoming second stage.

Looking to Tenth Circuit precedent in *Thiessen,* the Court finds that a Rule 12(b)(6) motion to dismiss is appropriate to challenge the sufficiency of class allegations when the plaintiffs have not moved for conditional certification. At the same time, it is also clear that a full-scale inquiry into the allegations is not called for at the pleading stage. *Cooper,* 2016 WL 7168235, at *4 (listing a number of decisions "in this circuit and elsewhere" which "simply address whether the complaint has stated a plausible entitlement to relief under Rule 12(b)(6)").  The Court will therefore review the complaint to determine whether Plaintiff has stated a plausible entitlement to relief by the

putative class members and which is sufficient to provide fair notice to Defendant and sufficient to survive a motion to dismiss.

## II.      Whether the Collective and Class Action Allegations Should be Dismissed

Defendant claims that Plaintiff fails to plead sufficient facts to give fair notice to Tap Rock of the "similarly situated" Putative Class about their job duties, titles, or details regarding entitlement to overtime.

### A.      Defendant's Arguments

First, Defendant contends that the complaint fails to define the term "oilfield workers" because the category purportedly includes a "vast array" of contractors that worked on Tap Rock projects over the past three years, whether or not they have similar job titles or duties or whether they were qualified for overtime pay.

Second, Defendant contends that the Complaint does not "even allege the job titles held by members of the proposed Putative Class." Doc. 14 at 7.  The Complaint asserts that "Tap Rock employed dozens of individuals including Plaintiff, in positions such as Rig Clerks, Completions Supervisors, Completions Consultants, Drilling Consultants, etc." Compl. ¶ 29 (emphasis added). Defendant claims that this list of job titles does not inform whether any of the putative class members held these positions and suggests, by Plaintiff's use of the word "etc.," that there are other yet unidentified job positions held by putative class members.  Tap Rock argues that such language leaves the way open for a potentially endless putative class giving Tap Rock unfair notice of an indeterminate group that has been allegedly harmed.  In addition, Defendant claims that the complaint is internally inconsistent because while it alleges that the putative class members "did not have any supervisory or management duties, . . ." *Id.,* ¶60, the job of "Completions

Supervisors" is included in the list of job titles.  According to Defendant, this contradiction makes it even more unclear as to whether paragraph 29 refers to positions held by putative class members.

Third, Defendant contends that the complaint fails to allege sufficient facts specifying the duties of putative class members sufficiently to provide Tap Rock with fair notice of the composition of the class, as follows:

- Putative Class Members performed substantially similar job duties related to servicing oil and gas operations in the field.  Compl., ¶61;

- Putative Class Members "worked similar hours and were denied overtime as a result of the same illegal pay practice" see Compl., ¶66.

Defendant characterizes these allegations as conclusory and insufficient to provide fair notice of the class description, particularly where Plaintiff concedes that "exact job titles and job duties may differ." Compl., ¶30.

B.    Plaintiff's Arguments and Court's Analysis

Plaintiff contends that the category of "oilfield workers" is not vague and overbroad and that the allegations in the complaint are sufficient to withstand dismissal.  Plaintiff's "primary job duties" included "observing drilling operations on the rig and ensuring that the team is following safety protocol." Compl., ¶35.  Like other "contractors," his duties also included "maintaining and working with oilfield machinery, performing manual labor, and working long hours out in the field." *Id.,* ¶71. The complaint alleges that other co-workers indicated they were "improperly classified as contractors, paid in the same manner, performed similar work and were not properly compensated for all hours worked as required by state and federal wage laws." Compl., ¶99.[2]

---

[2] In the response, Plaintiff states that he "alleged he *personally spoke* to similarly situated individuals who 'indicated they were improperly classified as contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.'" Doc. 24 at 10. ¶ 99 (emphasis added). However, what the complaint actually asserts it that "[n]umerous other individuals who worked with [Plaintiff] *indicated* they were improperly classified as contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws." *Id.* (emphasis added).  Defendant takes issue with the fact that ¶99 does not expressly state that these other workers

The Court finds that the category of "oilfield workers" is not vague and overbroad when considered together with the other allegations in the complaint, which provides a plausible description of the putative class. The classes alleged in the complaint include only workers (1) who worked in the oilfields (as opposed to in offices, stores, etc.); (2) who were classified as independent contractors (excluding, for example, all W-2 employees); and (3) who were paid on a day rate basis (as opposed to on a salary basis as is required for application of the white collar exemptions, on hourly basis, on a piece-rate basis, etc.).  Any further objections to the breadth of job categories are best addressed when Plaintiff seeks conditional certification.  *See Deakin v. Magellan Health, Inc.*, No. 17-CV-0773-WJ-KK, 2018 WL 3068058, at *4 (D.N.M. June 21, 2018) (finding defendants' arguments related to the broad scope of duties attributable to class members are "better-situated for a response opposing conditional certification").

In the response, Plaintiff refers to the list of job titles in paragraph 29 of the complaint ("Rig Clerks, Completions Supervisors, Completions Consultants, Drilling Consultants, etc") as positions which are held by members of the putative class—despite Defendant's contention that the listing says nothing to that effect.  *See* Doc. 24 at 10 ("[Plaintiff] has further specifically identified the range of positions *included in the putative classes*") (emphasis added).  Despite this explanation, Defendant continues to insist in the reply that the listing of job positions "certainly does not identify the range of positions included in the putative classes." Doc. 27 at 6 (internal quotations omitted). The Court attributes Defendant's insistence to the fact that *if* those positions are in fact held by members of the putative class, Defendant's arguments for dismissal of the complaint would be severely undercut. In the context of other allegations in the complaint, it is

---

actually spoke to Plaintiff, but one can easily infer that this is what occurred.  Plaintiff could have been more specific of course, but alternative readings of that part of the complaint do not make as much sense since it would be difficult for Plaintiff to allege that these workers made these indications to someone other than himself.

plausible that the job listings in paragraph 29 refer to job positions held by putative class members. Indeed, there would be no reason to list job titles referring to workers who are *not* seeking overtime pay.

The Court also agrees with Plaintiff that the word "etc." at the end of the job title list does not make the list overbroad or vague, nor does it suggest that an endless litany of random job positions is being thrown into the putative class mix. Defendant is entitled to "fair notice" of the proposed class, not necessarily a complete list of every job title held by every putative class member; and as commonly understood, "etc." refers to jobs *similar* to those already listed. *See McDonald v. Gore Nitrogen Pumping Serv., LLC*, No. CIV-18-1010-G, 2019 WL 611627, at *4 (W.D. Okla. Feb. 13, 2019) (language describing class members "is read in context of the details that are provided").

Defendant takes issue with Plaintiff's assertion that "exact job titles and job duties may differ." Compl., ¶20. However, dissimilar job titles and responsibilities "are not a barrier to conditional certification" where they are not relevant to a plaintiff's FLSA allegations. *Tamez v. BHP Billiton Petroleum (Americas), Inc.*, No. 5:15-CV-330-RP, 2015 WL 7075971, at *4 (W.D. Tex. Oct. 5, 2015) (class that encompasses a wide range of job positions may be conditionally certified "as long as the differences between class members are not material to the allegations in the case"). Here, Defendant questions whether the listed job positions are held by any of the members of the putative class (which, it has been made clear, they do), but has not shown why any particular differences in those positions—if any—are relevant to Plaintiff's claims.

The complaint alleges a common compensation scheme which in itself violates the FLSA, so that the particulars of each job description is not as critical in identifying a putative class. The Complaint limits the class to workers who are misclassified as independent contractors, and paid

10

on a "day rate basis" with no overtime pay.  *See, e.g.,* Compl., ¶¶64, 66, 67, 70, 72, 76, 99.  *Tamez,*
2015 WL 7075971, at *3 (class need not be limited to specific job position where plaintiffs allege
that the compensation scheme is in of itself a violation the FLSA); *Huchingson v. Rao*, 5:14-CV-
1118, 2015 WL 1655113, at *2 (W.D. Tex. Apr. 14, 2015) (noting that, in determining whether a
class of employees are similarly situated, a "plaintiff must show that the employees have
substantially similar job requirements and are subject to the same common compensation
scheme"); *Aguilar v. Complete Landsculpture, Inc.,* No. 3:04–CV–0776 D, 2004 WL 2293842, at
*4 (N.D.Tex. Oct.7, 2004) ("The claims of the putative class members are similar in that . . . they
were compensated under the same regimen. Thus . . ., the fact that [they] had somewhat different
duties and rates of pay is immaterial.").[3]

    Tap Rock professes confusion over whether or not potential class members had supervisory
or management duties. *See* Doc. 14 ("Even more puzzling is that the Complaint lumps Martin
together with workers in positions that clearly have supervisory duties, such as 'Completions
Supervisors.'").  However, whether or not any putative class member performed supervisory job
duties is irrelevant since by definition, the putative class includes only those workers paid on a
day-rate basis.  Employees whose primary duties are supervisory would be receiving a salary and
they would be exempt from entitlement to overtime pay under the FLSA. *See Maestas v. Day &
Zimmerman, LLC*, 664 F.3d 822, 826 (10th Cir. 2012) ("In order to fall under the executive,
administrative, or combination exemptions to FLSA's overtime protections, an employee's primary
duty must be managerial or administrative, or a combination of the two") (citing 29 C.F.R. §

---

[3] *See also McLaughlin v. Seneca Res. Corp.,* No. CV 17-255, 2018 WL 1784554, at *3 &*5(W.D. Pa. Apr. 13, 2018
(denying a motion to dismiss where class definition included independent contractors who performed different job
duties and held "a handful of job titles including 'drilling consultants,' 'completions consultants,' "workover
consultants,' 'company men,' and 'solids control consultants.'"); *Baucum v. Marathon Oil Corp.,* No. CV H-16-
3278, 2017 WL 3017509, at *8 (S.D. Tex. July 14, 2017) (conditionally certifying class where putative class
members "held different job positions and had different employment relationships….").

541.3(b)).   Thus, these workers could not be included in the putative class, regardless of supervisory-sounding job titles.

While Plaintiff's complaint may not be a model of pleading specificity, it does squeak past *Iqbal-Twombly* standards, particularly when compared with complaints that have been found to fall below threshold requirements. *Pueblo of Zuni v. United States*, 423 F.R.D. 436, 443 (D.N.M. 2007) (proposed class must meet certain threshold requirements that a defined or identifiable class exists).

In *Cooper v. Coil Chem,* for example, a federal district court granted a motion to dismiss when a plaintiff's collection action claims under the FLSA were pleaded as an employee group of "all individuals employed by the [defendant] in the past 3 years who were paid a salary and a job bonus." 2016 WL 7168235 at *5. The court found that the proposed class was "overbroad and unworkable" because it included "virtually every employee who worked for Defendant within the referenced time period, irrespective of whether they qualified for overtime pay or not. . . ."  2016 WL 7168235, at *5.   Plaintiff in that case was allowed to amend the complaint to cure the deficiencies.

Similarly, in *Creech v. Holiday CVS, LLC*, plaintiff claimed that the other class members performed the same or similar job duties in that they "provided customer services" for the defendants.  No. CIV.A. 11-46-BAJ-DLD, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012). The court in that case found that these allegations were "not descriptive enough to give rise to a plausible right to relief." *Id.*

Plaintiff's allegations here are much more detailed and comprehensive than the allegations in *Cooper* and *Creech*.   To sum up these allegations, putative class members are described as individuals:

- . . . (1) who worked in the oilfields (as opposed to in offices, stores, etc.); (2) who were classified as independent contractors (excluding, for example, all W-2 employees); and (3) who were paid on a day rate basis (as opposed to on a salary basis as is required for application of the white collar exemptions, on hourly basis, on a piece-rate basis, etc. Compl. ¶¶16, 18;

- . . . who were "improperly classified as contractors, paid in the same manner, performed similar work and were not properly compensated for all hours worked as required by state and federal wage laws." Compl., ¶¶99, 102.

- . . . who worked in job positions as "Rig Clerks, Completions Supervisors, Completions Consultants, Drilling Consultants, etc." Compl., ¶29; and

- . . . who maintained and worked with oilfield machinery, performed manual labor and worked long hours out in the field. Compl., ¶71.

This information affords Defendant with sufficient information on the alleged common characteristics of putative class members to withstand dismissal under Rule 12(b)(6).  For the foregoing reasons, Defendant's motion to dismiss is denied as to Plaintiff's FLSA claims.

Finally, Defendant contends that Plaintiff's Rule 23 class action claims under the NMWWA should be dismissed for same lack of specificity which it argues is fatal to the FLSA claims.   A complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Twombly*, 550 U.S. at 555).  Having concluded that Plaintiff's complaint provides Defendant with such notice, the Court also denies Defendant's motion with respect to Plaintiff's claims asserted under the NMWWA.

**IT IS THEREFORE ORDERED** that Defendant's Rule 12(b)(6) Partial Motion to Dismiss Plaintiff's Original Complaint **(Doc. 14)** is hereby **DENIED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE