**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GARY MARTIN,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　CV No. 20-170 WJ/CG

TAP ROCK RESOURCES, LLC.,

        Defendant.

## SCHEDULING ORDER

In accordance with the Civil Justice Expense and Delay Reduction Plan adopted in compliance with the Civil Justice Reform Act, and pursuant to Title 28 U.S.C. § 473(a)(1), this case is assigned to a "**240-day**" discovery track. Accordingly, the termination date for discovery is **January 4, 2021**, and discovery shall not be reopened, nor shall case management deadlines be modified, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be <u>completed</u> on or before the above date.

Before moving for an order relating to discovery, the parties may request a conference with the Court in an attempt to resolve the dispute. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **January 25, 2021**. *See* D.N.M.LR-Civ. 7 for motion practice requirements

and timing of responses and replies. This deadline shall not be construed to extend the twenty-day time limit in D.N.M.LR-Civ. 26.6.

Plaintiffs shall identify to all parties in writing any expert witness to be used by Plaintiffs at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than **October 5, 2020**. All other parties shall identify in writing any expert witness to be used by such parties at trial and to provide expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) no later than **November 4, 2020**.

Pretrial motions, other than discovery motions, shall be filed with the Court and served on the opposing party by **February 4, 2021**. *See* D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. **"Pretrial Motions" shall include any motion for class certification.** Any pretrial motions, other than discovery motions, filed after the above date shall, in the discretion of the Court, be considered untimely. If documents are attached as exhibits to motions, affidavits or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Plaintiffs shall have **seven days after the close of the opt-in period** to join additional parties and to amend the pleadings. Defendants shall have **21 days after the close of the opt-in period** to join additional parties and to amend the pleadings.

Counsel are directed to file a consolidated final Pretrial Order as follows: Plaintiffs to Defendants on or before **March 22, 2021**; Defendants to Court on or before **April 5, 2021**. Counsel are directed that the Pretrial Order will provide that no witnesses except rebuttal witnesses whose testimony cannot be anticipated, will be permitted to testify unless the name of the witness is furnished to the Court and opposing counsel no

later than thirty (30) days prior to the time set for trial. Any exceptions thereto must be upon order of the Court for good cause shown.

Finally, Plaintiffs may file a motion for conditional certification of class no later than **July 27, 2020**. Defendants may file their response to Plaintiff's motion by **August 26, 2020**. Plaintiffs may file a reply in support of their motion no later than **September 9, 2020**. If Plaintiffs file their motion at an earlier date, the deadlines for the response and reply shall be governed by the Local Rules.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE

\#