IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| GARY MARTIN, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiffs, | § § | |
| | § | CASE NO. 2:20-cv-00170-WJ-CG |
| v. | § § | |
| TAP ROCK RESOURCES, LLC, | § § | |
| Defendant. | § § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Tap Rock Resources, LLC ("Tap Rock" or "Defendant") answers Plaintiff's Original Complaint (the "Complaint") as follows:

## DEFENSES

1.      The Complaint fails to state a claim upon which relief may be granted as to all claims asserted and all demands for damages and other relief.

2.      Plaintiff's claims, and those of the alleged putative collective and class members, are barred because Tap Rock did not "employ" Plaintiff or any other alleged putative class or collective member under the Fair Labor Standards Act (FLSA), the New Mexico Minimum Wage Act (NMMWA), or any other applicable law. Rather, Plaintiff and the alleged putative collective and class members are and were properly classified as independent contractors as it relates to Tap Rock. Accordingly, Tap Rock cannot be held liable for any violations claimed by Plaintiff and is improperly joined in this action.

3.      Plaintiff's claims, and those of the putative collective and class members, are barred to the extent that they have not been asserted within the applicable limitations period.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 1**

4.      Any cause of action or claim for damages arising more than two years prior to the filing of the Complaint and a consent to join this lawsuit by Plaintiff or any putative class or collective member is barred by the two-year statute of limitations set forth in 29 U.S.C. § 255(a) because Tap Rock's alleged violation of the FLSA was not willful.

5.      Tap Rock at all times acted in good faith and with reasonable grounds to believe that its alleged acts or omissions did not violate the FLSA or the NMMWA, such that Tap Rock did not knowingly, willfully, or with reckless disregard violate the FLSA or the NMMWA with respect to Plaintiff. Accordingly, Plaintiff is not entitled to liquidated damages or a three-year limitations period under the FLSA. This defense may also apply to some or all of the claims of the putative class and/or collective members.

6.      Even assuming that Tap Rock or its affiliate violated any provision of the FLSA or the NMMWA, which Tap Rock denies, such violation was not pursuant to any uniform policy or plan. Plaintiff's alleged injuries were not proximately caused by any unlawful policy, custom, practice, or procedure promulgated and tolerated by Tap Rock or its affiliate. This defense may also apply to some or all of the claims of the putative class and/or collective members.

7.      Plaintiff cannot satisfy the requirements for maintenance of a collective action under Section 216 of the FLSA, or otherwise. Plaintiff is neither similarly situated to nor an adequate representative of the individuals whom he seeks to represent, and cannot satisfy the "similarly situated" prerequisites for certification of a collective action under the FLSA.  There are no putative class or collective members who are similarly situated to Plaintiff, as that term is defined and interpreted under the FLSA, and Plaintiff's collective action claims therefore should be dismissed.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 2**

8. To the extent applicable, Plaintiff's claims are barred by the equitable doctrine of estoppel. That is, to the extent that Plaintiff affirmatively entered into an agreement with a third party to provide services as a non-employee contractor, and/or made certain representations to state and federal agencies regarding his non-employee status, and/or took advantage of various tax and other related benefits of such non-employee status, Plaintiff is estopped from taking an inconsistent position regarding his status for purposes of achieving the benefits of employee status. This defense may also apply to some or all of the claims of the putative class and/or collective members.

9. The case may not be maintained as a class action because Plaintiff cannot establish each of the requirements under Federal Rule of Civil Procedure 23 and other relevant legal authority.

10. Certain of the interests of the alleged putative classes that Plaintiff purports to represent are in conflict with the interests of all or certain sub-groups of the members of the alleged putative classes.

11. To the extent that Plaintiff could properly be classified as an employee of Tap Rock, which Tap Rock denies, Plaintiff was paid in conformity with the requirements set forth in the FLSA and/or the NMMWA because his work was not covered by the overtime requirements of the FLSA and/or the NMMWA. Specifically, Plaintiff's claims are barred because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the FLSA and/or the NMMWA, or are otherwise preempted by federal law. In particular, Plaintiff's claims are barred to the extent that he qualifies as exempt under the executive, administrative, or professional employee exemptions under the FLSA and/or the NMMWA. In addition, Plaintiff's claims are barred to the extent that he qualifies as exempt under the highly compensated employee

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 3**

exemption under the FLSA. Finally, Plaintiff is not subject to the FLSA's overtime requirements to the extent that the work performed falls within the Motor Carrier Act exemption. This defense may also apply to some or all of the claims of the putative class and/or collective members.

12. Plaintiff fails to meet the requirements for employee status under the NMMWA because the NMMWA does not apply to an individual employed in a bona fide executive, administrative, or professional capacity; to forepersons, superintendents, and supervisors; or to workers compensated on flat rate schedules. This defense may also apply to some or all of the claims of the putative class and/or collective members.

13. Plaintiff and all alleged putative class and/or collective members have been paid and received all wages and other compensation due to them by virtue of their employment, if any, with Tap Rock or its affiliate. Alternatively, Tap Rock is entitled to an offset of any amount of relief claimed by Plaintiff and/or any putative class and/or collective member for any payments or overpayments of wages, commissions, or other remuneration previously paid to them.

14. Plaintiff's claims are barred as to all hours allegedly worked of which Tap Rock lacked actual or constructive knowledge. This defense may also apply to some or all of the claims of the putative class and/or collective members.

15. Plaintiff's allegation that an unlimited limitations period applies to his NMMWA claim on a continuing course of conduct theory is impermissibly penal or punitive in nature.

16. The liquidated damages provisions of the New Mexico state wage laws, on their face or as applied, are impermissibly penal or punitive in nature, such that liquidated damages may only be awarded upon the requisite level of proof.

17. Plaintiff's claims, and those of any of the alleged putative collective and class members, are barred to the extent that they are based on non-compensable activities under either

the FLSA or the NMMWA, including preliminary and postliminary activities and/or *de minimis* activities.

18.    Plaintiff's claims are barred to the extent that he has entered into or is otherwise bound by any compromise, settlement, or release agreements regarding those claims. This defense may also apply to some or all of the claims of the putative class and/or collective members.

19.    Plaintiff's claims, including claims for attorneys' fees, are barred, in whole or in part, because he lacks standing to pursue those claims on behalf of himself and/or some or all of the alleged putative class and/or collective action members, and he cannot adequately represent the interests of the putative class or collective action members.

20.    Plaintiff is entitled to one satisfaction for any established unlawful conduct, and his claims for damages are limited by any applicable statutory maximum. This defense may also apply to some or all of the claims of the putative class and/or collective members.

21.    Plaintiff and the putative class and collective members cannot recover both interest on their alleged damages and liquidated damages or other penalties because such forms of recovery are duplicative of each other.

22.    Plaintiff's claims are barred by the doctrines of *res judicata* and/or collateral estoppel to the extent that Plaintiff has previously participated, or been a class member, in a legal or administrative proceeding in which he or his representatives asserted, or could have asserted, the claims he asserts in this proceeding. This defense may also apply to some or all of the claims of the putative class and/or collective members.

23.    Plaintiff's state law claims are barred to the extent they are preempted by federal law, and Plaintiff may not recover any damages or other relief under state law to the extent that

DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 5

such damages or relief are duplicative of damages or relief recovered through an FLSA claim. This defense may also apply to some or all of the claims of the putative class and/or collective members.

24.     Plaintiff's claims are barred, in whole or in part, to the extent that they are subject to a binding and enforceable arbitration agreement. This defense may also apply to some or all of the claims of the alleged putative class and/or collective members.

25.     To the extent that liability, affirmative defenses, and damages, if any, to each member of the putative class and collective that Plaintiff purports to represent are determined on a group-wide basis, permitting this action to proceed as a class or collective action violates Tap Rock's rights under the United States Constitution.

Tap Rock reserves the right to assert additional defenses as may be discovered during the course of these proceedings.

## SPECIFIC ADMISSIONS AND DENIALS

Subject to and without waiver of any of the foregoing defenses, Tap Rock answers the allegations in the Complaint as follows:

### SUMMARY

1.     Tap Rock admits that Plaintiff purports to bring this lawsuit to recover allegedly unpaid "overtime wages and other damages" pursuant to the FLSA and the NMMWA, but denies that it violated the FLSA, the NMMWA, or any other laws, and denies that Plaintiff is entitled to any of the relief sought. Tap Rock denies any remaining allegations in paragraph 1.

2.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the "other workers" and on that basis denies those allegations. Tap Rock further denies that it contracted with or employed Plaintiff. Plaintiff provided services as an independent contractor on certain projects of Tap Rock or its affiliate through a third-party company, RWDY Inc. ("RWDY"), which entered into a Master Service Agreement ("MSA") with Tap Rock's

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 6**

affiliate, Tap Rock Operating, LLC. Tap Rock admits that, during certain weeks in which Plaintiff provided such services through RWDY, Plaintiff provided services for more than 40 hours during the workweek, but denies that Plaintiff was ever employed by Tap Rock. Tap Rock denies any remaining allegations in paragraph 2.

3.    Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of "these workers" and on that basis denies those allegations. Tap Rock admits that it did not pay Plaintiff overtime, but denies that it had any obligation to do so. Tap Rock further denies that it paid, contracted with, or employed Plaintiff, and denies any remaining allegations in paragraph 3.

4.    Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of "these workers" and on that basis denies the allegations. The remaining allegations in paragraph 4 contain legal conclusions to which no response is required. To the extent a response is required, Tap Rock admits that Martin provided services as an independent contractor pursuant to the MSA but denies the remaining allegations. Tap Rock further denies that it paid, contracted with, employed, or misclassified Plaintiff, and denies any remaining allegations in paragraph 4.

5.    Tap Rock admits that Plaintiff purports to bring this lawsuit for allegedly unpaid overtime wages and other damages, but denies that Plaintiff or any other putative class and/or collective member is entitled to any relief whatsoever. Tap Rock further denies that it violated the FLSA, the NMMWA, or any other laws, and denies that this action is appropriate to be certified or maintained as a collective action, class action, or any other type of action. Tap Rock denies any remaining allegations in paragraph 5.

## JURISDICTION AND VENUE

6.      Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock admits that this Court has jurisdiction under 28 U.S.C. § 1331 because this action asserts federal claims under the FLSA, 29 U.S.C. § 216(b), but denies that it violated such statute or engaged in any unlawful conduct. Tap Rock denies any remaining allegations in paragraph 6.

7.      Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock admits that this Court has the discretion to exercise supplemental jurisdiction over the NMMWA claims, but denies the remaining allegations in paragraph 7.

8.      Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock admits that venue is proper in this Court, but denies the remaining allegations in paragraph 8.

9.      Tap Rock admits that Plaintiff, through and on behalf of RWDY as per the MSA, provided services as an independent contractor on projects of Tap Rock or its affiliate in Eddy and Lea Counties, New Mexico, but denies that it contracted with or employed Plaintiff. Tap Rock denies the remaining allegations in paragraph 9.

## THE PARTIES

10.      Tap Rock admits that Plaintiff started providing services as a Rig Supervisor on an independent contractor basis on certain projects of Tap Rock or its affiliate in February 2018, and that Plaintiff stopped providing such services in October 2018, but denies that it contracted with or employed Plaintiff. Tap Rock denies the remaining allegations in paragraph 10.

11.      Tap Rock denies the allegations in paragraph 11.

DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 8

12.     Tap Rock admits that a consent form is attached to the Complaint as Exhibit A. Tap Rock lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 and on that basis denies them. Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations in paragraph 12.

13.     Tap Rock admits that Plaintiff seeks to represent "at least two classes of similarly situated co-workers," but denies that this action is appropriate to be certified or maintained as a collective action, class action, or any other type of action, and denies that it has other "workers" similarly situated to Plaintiff. Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations in paragraph 13.

14.     Tap Rock admits that Plaintiff purports to bring this action "on behalf of himself and all other similarly situated workers paid by Tap Rock's day-rate system," but lacks knowledge or information sufficient to form a belief as to the identity of the "other similarly situated workers," and on that basis denies the allegations. Tap Rock further denies that it engaged in any unlawful conduct, that Plaintiff and/or any other allegedly "similarly situated worker" is entitled to recover any relief whatsoever, that there are other "workers" similarly situated to Plaintiff, or that this action is appropriate to be certified or maintained as a collective action, class action, or any other type of action. Tap Rock denies any remaining allegations in paragraph 14.

15.     Tap Rock lacks knowledge or information sufficient to form a belief about the identity of "these workers" and on that basis denies the allegations in paragraph 15. Tap Rock further denies that it contracted with or employed Plaintiff, that it engaged in any unlawful conduct, or that Plaintiff or any other putative class or collective member is entitled to recover any of the relief sought. Tap Rock denies any remaining allegations in paragraph 15.

16.     Tap Rock admits that Plaintiff purports to bring this action on behalf of himself and other allegedly "similarly situated workers," but lacks knowledge or information sufficient to form a belief as to the identity of the group identified in the Complaint as the "FLSA class of similarly situated workers" or the "Day-Rate Workers," and on that basis denies the allegations in paragraph 16. Tap Rock further denies that there are other "workers" similarly situated to Plaintiff, that it contracted with or employed Plaintiff, or that this action is appropriate to be certified or maintained as a collective action, class action, or any other type of action. Tap Rock denies any remaining allegations in paragraph 16.

17.     Tap Rock admits that Plaintiff purports to represent "a class of similarly situated oilfield workers under the NMMWA pursuant to Federal Rule of Civil Procedure 23," but lacks knowledge or information sufficient to form a belief as to the identity of the "class of similarly situated oilfield workers," and on that basis denies the allegations in paragraph 17. Tap Rock further denies that it engaged in any unlawful conduct, that Plaintiff and/or any other "similarly situated oilfield worker" is entitled to recover any relief whatsoever, that there are other "workers" similarly situated to Plaintiff, or that this action is appropriate to be certified or maintained as a collective action, class action, or any other type of action. Tap Rock denies any remaining allegations in paragraph 17.

18.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified in the Complaint as the "NMMWA Class" or "the New Mexico Class," and on that basis denies the allegations in paragraph 18. Tap Rock further denies that there are other "workers" similarly situated to Plaintiff, that it contracted with or employed Plaintiff, or that this action is appropriate to be certified or maintained as a collective action, class action, or any other type of action. Tap Rock denies any remaining allegations in paragraph 18.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 10**

19.    Paragraph 19 does not contain any factual allegations to which a response is required. To the extent a response is required, Defendant incorporates its admissions and denials to paragraphs 13-18 of the Complaint.

20.    Tap Rock admits that it is a company and that the registered agent listed in the second sentence of paragraph 20 is authorized to receive service on its behalf. Tap Rock denies that it does business throughout the United States, and denies the remaining allegations in paragraph 20.

## COVERAGE UNDER THE FLSA

21.    Paragraph 21 contains a legal conclusion to which no response is required. To the extent a response is required, Tap Rock denies the allegations in paragraph 21.

22.    Paragraph 22 contains a legal conclusion to which no response is required. To the extent a response is required, Tap Rock denies the allegations in paragraph 22.

23.    Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock denies the allegations in paragraph 23.

24.    Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," or the truth of the allegations that Plaintiff and the "Putative Class Members" were engaged in commerce or in the production of goods for commerce, and on that basis denies the allegations in paragraph 24. Tap Rock further denies any remaining allegations in paragraph 24.

25.    Tap Rock lacks knowledge or information sufficient to form a belief about the identity of the group identified as "other oilfield workers it classified as independent contractors"

and on that basis denies the allegations. Tap Rock further denies that it contracted with or employed Plaintiff, and denies the remaining allegations in paragraph 25.

26.    Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock denies the allegations in paragraph 26.

### FACTS

27.    Tap Rock admits that it and its affiliates focus on exploration and production of oil and gas in the Delaware Basin but denies the remaining allegations in paragraph 27.

28.    Tap Rock admits that its affiliate hires personnel to perform certain work, but clarifies that its affiliate also engages third-party independent contractors to provide certain services in connection with its operations. Tap Rock denies that it contracted with or employed Plaintiff, and denies the remaining allegations in paragraph 28.

29.    Tap Rock admits that Tap Rock Operating, LLC entered the MSA with RWDY pursuant to which Plaintiff provided services as an independent contractor on certain projects of Tap Rock or its affiliate, but denies the remaining allegations in paragraph 29.

30.    Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 30.  Tap Rock also denies the remaining allegations in paragraph 30.

31.    Tap Rock admits that Tap Rock Operating, LLC contracted with certain third-party companies, including RWDY, that provided services on an independent-contractor basis and, pursuant to the applicable Master Services Agreements with those third-party companies, paid the third-party companies for the services provided, but lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "these workers," and on that basis denies the allegations in paragraph 31. Tap Rock also denies the remaining allegations in paragraph 31.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 12**

32.    Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "these workers" or "them," and on that basis denies the allegations in paragraph 32. Tap Rock also denies the remaining allegations in paragraph 32.

33.    Tap Rock admits that Plaintiff started providing services as a Rig Supervisor on an independent contractor basis in accordance with the MSA on certain projects of Tap Rock or its affiliate in February 2018, and that Plaintiff stopped providing such services in October 2018, but denies that it contracted with or employed Plaintiff. Tap Rock denies the remaining allegations in paragraph 33.

34.    Tap Rock admits that Tap Rock Operating, LLC made certain payments to RWDY in exchange for services provided by Plaintiff in accordance with the MSA, but denies the remaining allegations in paragraph 34.

35.    Tap Rock admits that the Rig Supervisor services Plaintiff provided as an independent contractor on projects of Tap Rock or its affiliate included observing drilling operations on the rig and ensuring that other individuals were following safety protocol. Tap Rock denies that it ever employed Plaintiff, and denies the remaining allegations in paragraph 35.

36.    Tap Rock denies the allegations in paragraph 36.

37.    Tap Rock denies the allegations in paragraph 37.

38.    Tap Rock denies the allegations in paragraph 38.

39.    Tap Rock denies the allegations in paragraph 39.

40.    Tap Rock denies the allegations in paragraph 40.

41.    Tap Rock denies the allegations in paragraph 41.

42.    Tap Rock denies the allegations in paragraph 42.

43.    Tap Rock denies the allegations in paragraph 43.

44.     Tap Rock denies the allegations in paragraph 44.

45.     Tap Rock denies the allegations in paragraph 45.

46.     Tap Rock admits that Plaintiff has provided services as a Rig Supervisor on an independent contractor basis on certain projects of Tap Rock or its affiliate through RWDY, and that Tap Rock's affiliate contracts with other third-party companies that, in turn, provide equipment and software to well sites. Tap Rock further admits that Plaintiff, while providing such services, used a computer that Tap Rock or its affiliate assigned to each applicable drilling rig and that contained Tap Rock's or its affiliate's software. Tap Rock denies that it contracted with or employed Plaintiff, and denies the remaining allegations in paragraph 46.

47.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "these workers," and on that basis denies the allegations in paragraph 47. Tap Rock clarifies that Plaintiff provided services as a Rig Supervisor on an independent contractor basis on certain projects of Tap Rock or its affiliate through RWDY, and denies that such services involved "hands-on day-to-day production work." Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations related to Plaintiff in paragraph 47.

48.     Tap Rock denies the allegations in paragraph 48.

49.     Tap Rock admits that it or its affiliate made certain capital investments and leased certain tools, equipment, and other items, but denies that it contracted with or employed Plaintiff, and denies the remaining allegations in paragraph 49.

50.     Tap Rock lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 and on that basis denies the allegations.

51.     Tap Rock denies the allegations in paragraph 51.

52.     Tap Rock denies the allegations in paragraph 52.

53.     Tap Rock denies the allegations in paragraph 53.

54.     Tap Rock denies the allegations in paragraph 54.

55.     Tap Rock denies the allegations in paragraph 55.

56.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 56.  Tap Rock denies the remaining allegations in paragraph 56.

57.     Tap Rock denies the allegations in paragraph 57.

58.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 58.  Tap Rock denies the remaining allegations in paragraph 58.

59.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 59.  Tap Rock denies the remaining allegations in paragraph 59.

60.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 60.  Tap Rock denies the remaining allegations in paragraph 60.

61.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 61.  Tap Rock denies the remaining allegations in paragraph 61.

62.     Tap Rock denies the allegations in paragraph 62.

63.     Tap Rock admits the allegations in paragraph 63, as Tap Rock never employed Plaintiff on any basis, and that Plaintiff provided services as an independent contractor on a project-by-project basis through RWDY.

64.     Tap Rock admits that Plaintiff provided services as an independent contractor on certain projects of Tap Rock or its affiliate through RWDY, but denies that it contracted with or employed Plaintiff, and denies the remaining allegations in paragraph 64.

65.     Tap Rock admits that Plaintiff and Byrd discussed Plaintiff providing services as a Rig Supervisor on an independent contractor basis through RWDY, but denies the remaining allegations in paragraph 65.

66.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 66. Tap Rock denies the remaining allegations in paragraph 66.

67.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 67. Tap Rock denies the remaining allegations in paragraph 67.

68.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 68. Tap Rock denies the remaining allegations in paragraph 68.

69.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 69. Tap Rock denies the remaining allegations in paragraph 69.

70.     Tap Rock denies the allegations in paragraph 70.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 16**

71.     Tap Rock admits that certain independent contractors have provided services to Tap Rock or its affiliate related to maintaining and working with oilfield machinery and manual labor, but lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "the contractors," and on that basis denies the allegations in paragraph 71. Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations related to Plaintiff in paragraph 71.

72.     Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock denies the allegations in paragraph 72.

73.     Paragraph 73 states a legal conclusion to which no response is required. To the extent a response is required, Tap Rock admits that it did not pay Plaintiff, but denies the remaining allegations in paragraph 73.

74.     Paragraph 74 states a legal conclusion to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and on that basis denies the allegations.

75.     Tap Rock denies the allegations in paragraph 75.

76.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 76.

77.     Tap Rock admits that it is generally familiar with applicable wage and hour laws under the FLSA and NMMWA, but lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 77. Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations in paragraph 77.

78.    Tap Rock admits that it is generally familiar with applicable wage and hour laws under the FLSA and NMMWA and that it did not pay Plaintiff, but lacks knowledge or information sufficient to form a belief about the identity of the group identified as "Putative Class Members," and on that basis denies the allegations. The remaining allegations in paragraph 78 contain legal conclusions to which no response is required. To the extent a response is required, Tap Rock denies the remaining allegations in paragraph 78.

79.    Tap Rock denies the allegations in paragraph 79.

## FLSA VIOLATIONS

80.    Paragraph 80 does not contain any factual allegations and, consequently, does not require a response. To the extent a response is required, Tap Rock incorporates its admissions and denials to the preceding paragraphs of the Complaint.

81.    Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Day-Rate Workers," and on that basis denies the allegations. Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations in paragraph 81.

82.    Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Day-Rate Workers," and on that basis denies the allegations in paragraph 82. Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations in paragraph 82.

83.    Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief about the identity of the group identified as "Day-Rate Workers" and on that basis denies the

allegations in paragraph 83. Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations in paragraph 83.

84.    Tap Rock denies the allegations in the first sentence of paragraph 84. As to the second sentence of paragraph 84, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Day-Rate Workers," and on that basis denies the allegations. Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations in the second sentence of paragraph 84. Tap Rock denies the remaining allegations in paragraph 84.

85.    Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Day-Rate Workers," and on that basis denies the allegations. The remaining allegations in paragraph 85 state legal conclusions to which no response is required. To the extent a response is required, Tap Rock denies the allegations. Tap Rock further denies that it contracted with or employed Plaintiff, and denies that Plaintiff is entitled to any relief whatsoever. Tap Rock denies the remaining allegations in paragraph 85.

### NMMWA VIOLATIONS

86.    Tap Rock admits that Plaintiff purports to bring a claim under the NMMWA as a class action pursuant to Federal Rule of Civil Procedure 23, but denies that this lawsuit is suitable for class or collective treatment. Tap Rock denies any remaining allegations in paragraph 86.

87.    Paragraph 87 states a legal conclusion to which no response is required. To the extent a response is required, Tap Rock denies the allegations in paragraph 87.

88.    Paragraph 88 states a legal conclusion to which no response is required. To the extent a response is required, Tap Rock denies that it was subject to the requirements of the NMMWA with respect to Plaintiff's claims because Tap Rock was not Plaintiff's employer and

Plaintiff was not Tap Rock's employee within the meaning of the NMMWA. Tap Rock denies the remaining allegations in paragraph 88.

89.     Paragraph 89 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "the New Mexico Class," and on that basis denies the allegations in paragraph 89. Tap Rock further denies that it contracted with or employed Plaintiff, denies that Plaintiff was an "employee" within the meaning of the NMMWA, and denies any remaining allegations in paragraph 89.

90.     Paragraph 90 states a legal conclusion to which no response is required. To the extent a response is required, Tap Rock admits that the NMMWA includes certain overtime obligations, but denies that it contracted with or employed Plaintiff, denies that Plaintiff was an "employee" within the meaning of the NMMWA, and denies that it engaged in any unlawful conduct. Tap Rock denies any remaining allegations in paragraph 90.

91.     Paragraph 91 states a legal conclusion to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "the New Mexico Class," and on that basis denies the allegations in paragraph 91. Tap Rock further denies that it contracted with or employed Plaintiff, denies that Plaintiff is entitled to recover any relief whatsoever, and denies any remaining allegations in paragraph 91.

92.     Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "the New Mexico Class," and on that basis denies the allegations. Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations in paragraph 92.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 20**

93.    Tap Rock admits that Plaintiff purports to seek allegedly unpaid overtime, prejudgment interest, penalty wages, and other legal and equitable relief, but denies that Plaintiff and/or any putative class or collective member is entitled to any relief whatsoever. Tap Rock denies the remaining allegations in paragraph 93.

94.    Tap Rock admits that Plaintiff purports to seek attorneys' fees, costs, and expenses of this action, but denies that Plaintiff and/or any putative class or collective member is entitled to any relief whatsoever. Defendant denies the remaining allegations in paragraph 94.

95.    Paragraph 95 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock denies the allegations in paragraph 95.

### CLASS & COLLECTIVE ACTION ALLEGATIONS

96.    Paragraph 96 does not contain any factual allegations and, consequently, does not require a response. To the extent a response is required, Tap Rock incorporates its admissions and denials to the preceding paragraphs of the Complaint.

97.    Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "[n]umerous individuals," and on that basis denies the allegations. The remaining allegations in paragraph 97 state legal conclusions to which no response is required. To the extent a response is required, Tap Rock denies the remaining allegations in paragraph 97.

98.    Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "the New Mexico Class," and on that basis denies the allegations in paragraph 98.

99.    Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "[n]umerous other individuals who worked with Martin," or the

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 21**

truth of the allegations regarding what such individuals purportedly have "indicated," and on that basis denies the allegations in paragraph 99. Tap Rock further denies that it engaged in any unlawful conduct, and denies any remaining allegations in paragraph 99.

100. Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," or the truth of the allegations regarding Plaintiff's purported state of mind, and on that basis denies the allegations in paragraph 100. Tap Rock further denies that it engaged in any "illegal practices," and denies any remaining allegations in paragraph 100.

101. Tap Rock admits that its affiliate has engaged third-party companies to provide independent contractor services in Texas and New Mexico, and that its affiliate has sometimes paid such third-party companies a day rate as one component of the amounts paid for such services. Tap Rock denies the remaining allegations in paragraph 101.

102. Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 102. Tap Rock denies the remaining allegations in paragraph 102.

103. Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 103. Tap Rock further denies that it employed Plaintiff, or that it was Plaintiff's "employer" within the meaning of the FLSA, the NMMWA, or any other applicable law, and denies any remaining allegations in paragraph 103.

104.    Paragraph 104 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 104. Tap Rock further denies that it engaged in any unlawful conduct, and denies any remaining allegations in paragraph 104.

105.    Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to "Martin's experiences" or the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 105. Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations in paragraph 105.

106.    Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 106.  Tap Rock denies any remaining allegations in paragraph 106.

107.    Paragraph 107 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 107. Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations in paragraph 107.

108.    Paragraph 108 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the

allegations in paragraph 108. Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations in paragraph 108.

109. Paragraph 109 states a legal conclusion to which no response is required. To the extent a response is required, Tap Rock denies the allegations in paragraph 109.

110. Paragraph 110 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "the classes," and on that basis denies the allegations in paragraph 110. Tap Rock further denies that it engaged in any unlawful conduct, and denies any remaining allegations in paragraph 110.

111. Paragraph 111 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members of the classes," and on that basis denies the allegations in paragraph 111. Tap Rock denies any remaining allegations in paragraph 111.

112. Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 112. Tap Rock denies any remaining allegations in paragraph 112.

113. Paragraph 113 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations in paragraph 113. Tap Rock denies any remaining allegations in paragraph 113.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 24**

114.    Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members" in sub-parts (a)-(d) and (f) of paragraph 114, and on that basis denies the allegations. Tap Rock further denies any remaining allegations in paragraph 114 and each of its separate sub-parts (a) through (f), denies that this lawsuit is suitable for collective or class action treatment, and denies that there are others similarly situated to Plaintiff.

115.    Paragraph 115 states a legal conclusion to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members," and on that basis denies the allegations. Tap Rock further denies that it contracted with or employed Plaintiff, and denies any remaining allegations in paragraph 115.

116.    Paragraph 116 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief as to the identity of the group identified as "Putative Class Members" and on that basis denies the allegations. Tap Rock further denies that it contracted with or employed Plaintiff, denies that it engaged in any unlawful conduct, and denies any remaining allegations in paragraph 116.

117.    Paragraph 117 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiff's purported knowledge regarding the difficulty of managing this litigation, or the identity of the group identified as "their," and on that basis denies the allegations in paragraph 117.  Tap Rock denies any remaining allegations in paragraph 117.

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 25**

118.    Paragraph 118 contains legal conclusions to which no response is required. To the extent a response is required, Tap Rock admits that the alleged damages are individual in nature, but denies the remaining allegations in paragraph 118.

### JURY DEMAND

119.    Tap Rock acknowledges the demand for a jury trial in paragraph 119 but denies that Plaintiff is entitled to any relief sought.

### RELIEF SOUGHT

120.    Tap Rock denies the allegations in paragraph 120 and each of its separate sub-parts (a) through (e), and denies that Plaintiff and/or any class and/or collective member is entitled to any of the relief sought.

### REQUEST FOR RELIEF

Tap Rock respectfully asks that the Court enter judgment that Plaintiff take nothing by this action; that the action be dismissed; that Tap Rock recover its costs; and that the Court award Tap Rock such other relief to which it may be entitled.

Dated: May 19, 2020.                    Respectfully submitted:


                                        */s/ Anthony J. Campiti*
                                        Jules E. Angelley
                                        Little V. West
                                        HOLLAND & HART LLP
                                        110 North Guadalupe, Suite 1
                                        Santa Fe, New Mexico 87501
                                        Telephone: (505) 988-4421
                                        Facsimile: (505) 983-6043
                                        Email: jeangelley@hollandhart.com
                                        Email: lvwest@hollandhart.com

                                        and

                                        Anthony J. Campiti
                                          Texas State Bar No. 00798092
                                        Lauren Timmons
                                          Texas State Bar No. 24093265

                                        THOMPSON & KNIGHT LLP
                                        One Arts Plaza
                                        1722 Routh Street, Suite 1500
                                        Dallas, Texas 75201
                                        Telephone:  (214) 969-1700
                                        Facsimile:  (214) 969-1751
                                        E-mail: tony.campiti@tklaw.com
                                        E-mail: lauren.timmons@tklaw.com

                                        ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that on May 19, 2020, a true and correct copy of the foregoing document was filed electronically through the CM/ECF system causing all counsel of record to be served electronically.


                                        */s/ Anthony J. Campiti*
                                        Anthony J. Campiti

524128.000017 23495021.6


**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT – Page 27**