IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GARY MARTIN,

        Plaintiff,

v.                                                      CV No. 20-170 WJ/CG

TAP ROCK RESOURCES, LLC.,

        Defendant.

## STIPULATED PROTECTIVE ORDER

**THIS MATTER** is before the Court on the parties' *Joint Motion for Entry of Confidentiality and Protective Order*, (Doc. 47), filed July 17, 2020, and Federal Rule of Civil Procedure 26(c).

**IT IS HEREBY STIPULATED AND AGREED** by the undersigned counsel for Plaintiff Gary Martin ("Plaintiff") individually and for others similarly situated, and Defendant Tap Rock Resources, LLC ("Defendant") (all together, the "Parties") that discovery in the above-captioned case may involve the production of information that the parties may consider to be sensitive, confidential, personal, proprietary, and/or protected by a statutory or other legal privilege.

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS**:

    1.    The Parties believe these proceedings may involve the discovery and use of confidential, non-public, sensitive, or proprietary business, technical, financial, tax, and personally identifiabile information, documents, and other materials, including employment- or service-related information. The Parties may produce under this Protective Order information regarding service providers, including identity and pay information; information that constitutes a trade secret, confidential research or development, or other commercial information that is not otherwise publically known;

and information regarding current or former individuals who provided services to Defendant or its affiliate Tap Rock Operating, LLC. The Parties believe that most of this material is highly confidential and personal information about individuals who are not parties to this lawsuit and that either Party has a legitimate interest in protecting this private information from public disclosure.

The Parties may also produce under this Protective Order sensitive, confidential, and proprietary information pertaining to Defendant's business operations, including personnel policies and procedures. The Parties have a legitimate interest in protecting this private information from public disclosure.

In addition, the Parties agree that the depositions in this case may include material that is confidential or otherwise sensitive.

2. Nevertheless, because the Parties' sensitive and confidential information has been or may be sought in discovery for the prosecution of this lawsuit, and to accommodate the interests of all Parties, it is ordered that:

    A. The Parties will retain in confidence certain information tendered in discovery that is designated "Confidential" as set forth below, including, but not limited to, initial disclosures, investigatory materials or information, documents produced, testimony taken in depositions, exhibits, interrogatory answers, and responses to requests for production. To retain in confidence means not to divulge information or documents to persons other than the Parties to this action and their officers and professional employees; any individual who files a consent to join the proposed collective action; the Parties' attorneys, experts, and any other persons employed or engaged by the Parties' attorneys in connection with this litigation; deponents during the course of their depositions or potential witnesses of this action; and the Court and the Court staff. Notwithstanding the foregoing, highly confidential information designated "Confidential—Attorneys' Eyes Only" shall only be divulged to the Parties' attorneys, experts, or persons employed by the Parties' attorneys in connection with this litigation. Any persons who are given access to information designated "Confidential"

        and/or "Attorneys' Eyes Only" shall, before being given any such information, be shown this Protective Order and shall read this Protective Order. Subject to these restrictions, all such information and documents may be used for any purpose in the prosecution or defense of this lawsuit, including depositions, discovery, construction of exhibits, and during trial, but for no other purpose whatsoever.

B.     The Party producing confidential documents or information shall stamp or otherwise identify on the face of each page of the document the word  "Confidential" or "Confidential – Attorneys' Eyes Only" upon production. The Parties have 15 days after the date of entry of this Order to designate as "Confidential" documents and information previously produced by that Party.

C.     All or part of a deposition of hearing transcript may be designated as "Confidential" by a statement on the record by counsel requesting the designation. Such designation shall be specific as to the portions that contain "Confidential" information. Deposition testimony so designated shall be treated as "Confidential" protected by this Order until fourteen days after delivery of the transcript by the court reporter to any party or the witness. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying the specific portions of the transcript that are designated "Confidential," and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as "Confidential" that was made on the record of the deposition, unless otherwise ordered by the Court.

D.     Any "Confidential" materials produced during discovery in this case will not be copied except where required for use in this lawsuit.

E.     All discovery materials produced by either Party and designated as "Confidential" and any deposition transcripts, including any necessary copies, will be maintained only at the offices of each Party's attorney until the conclusion of the case; the Parties will not discuss discovery materials produced except with their attorney or attorney's agents.

F.     Within sixty (60) days after receipt of written request from the producing Party, all materials designated as "Confidential" during discovery in this case, including any copies, shall be either returned to the attorneys of the producing Party who produced the "Confidential" documents or certified destroyed in writing.

G.     Any information or documents produced by either Party regarding this case will be used solely for the prosecution of this action; shall not be used by the Plaintiff or Defendant or their attorneys for any

|     |     |
| --- | --- |
|     | other purpose whatsoever, including the prosecution of claims brought by persons other than the Parties outside this proposed collective action; and shall not be divulged to third parties except as expressly described in Paragraph A. |
| H.  | Any violation of this Protective Order may be remedied through an independent action for damages resulting from the violation of this Order or may be submitted to the Court for the assessment of sanctions that the Court in its discretion may consider reasonable. This agreement shall bind the Parties as of the date of execution and shall constitute an order of this Court. |
| I.  | Any Party may seek written permission from the producing party or an order of the Court to dissolve or modify this Protective Order or may seek additional protection by motion to the Court or agreement of the Parties. |
| J.  | At any stage of these proceedings, any Party may object to a designation of documents or information as "Confidential" by notifying, in writing, counsel for the producing Party of the objected-to documents or information and the grounds for the objection. If a dispute between the Parties is not consensually resolved within 14 days of receipt of such a notice of objection, the objecting receiving Party may move the Court for a ruling on the objection. The document or information at issue must be treated as Confidential, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved. |
| K..  | In the event that an attorney for any Party determines to file with or submit to the Court any information that has been designated by the producing party as "Confidential," or any papers revealing such information, such documents shall be filed under seal pursuant to the rules of the District of New Mexico. |
| L.  | Pursuant to Federal Rule of Evidence 502, if, in connection with the pending litigation, a Party (the "Producing Party") inadvertently discloses or produces any documents, communications, or information that is or may reasonably be subject to a claim of attorney-client privilege or attorney work product protection ("Protected Material"), such inadvertent production or disclosure of Protected Material shall not constitute a waiver of any claim of privilege or work product protection with respect to the Protected Material and its subject matter in this or in any other state or federal proceeding. |
| M.  | If, during the course of this litigaton, a Party determines that it has disclosed or produced Protected Material, the Producing Party may notify the Receiving Party in writing of the inadvertent disclosure and instruct the Receiving Party to return, delete, or destroy all copies of the inadvertently disclosed Protected Material (including |

4

      all work product containing such Protected Material or any of its contents).

N. Upon Producing Party's written notification of the inadvertent disclosure, the Receiving Party shall promptly return, delete, or destroy all copies of the inadvertently disclosed Protected Material (including any copies provided to any consultants or expert witnesses), shall delete or destroy any notes or other work product that reproduce, copy, or otherwise disclose the substance of the Protected Material, and shall make no further use of such inadvertently disclosed Protected Material. Within ten (10) business days after receipt of the notification of an inadvertent disclosure from Producing Party, Receiving Party shall provide to Producing Party a certification that all such inadvertently disclosed Protected Material has been returned, deleted, or destroyed.

O. Nothing contained herein shall prevent the Receiving Party from challenging the propriety of the Producing Party's claim of privilege or protection as to the Protected Material, and the Producing Party retains the burden of establishing the privileged or protected nature of any Protected Material. Any motion or other papers filed by the Receiving Party with the Court seeking an Order compelling production of the inadvertently disclosed Protected Material (a "Privilege Motion") shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. Nothing in this paragraph shall limit the right of any party to petition the Court for an *in camera* review of the inadvertently disclosed Protected Material.

P. Subject to the Federal Rules of Evidence, a document or other information designated as "Confidential" may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives 5 days' advance notice to counsel for the other Party or other person who designated the information as "Confidential," or seeks and obtains leave of Court to file it under seal. Any Party may move the Court for an order that the evidence be received in camera or under othe conditions to prevent unnecessary disclosure. The Court will then determine whether the proferred evidence should continue to be treated as "Confidential" and, if so, what protection, if any, may be aflored to such information at trial.

3. Nothing in this Protective Order is meant to constitute an agreement regarding the scope of discovery.

4.  Neither Party shall mention this Protective Order or its contents, including any allegation that Plaintiff sought confidential documents during discovery or that Defendant resisted any such discovery in front of any jury called for the trial of this case.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE